BACOT *et al. v.* STATE.

(Division A. Oct. 13, 1930.)

[130 So. 282. No. 28382.]

**E. C. Barlow, Barlow & Womack,** of Brookhaven, for appellants.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

260

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction on an affidavit purporting to charge the commission of the crime defined by either section 1389, Code 1906, Hemingway's Code 1927, section 1191, or section 1394, Code 1906, Hemingway's Code 1927, section 1196. It will not be necessary for us to decide under which statute the affidavit is drawn, nor whether its allegations come within either, for no crime was committed by the appellants under either statute.

Roberts, the prosecutor, lives in the cattle-tick infested district of the state and had been directed to dip his live stock on the 4th day of each month and every two weeks thereafter. Under this order the 18th day of June, 1928, would have been a regular dipping day for Roberts' live stock, but on the 15th day of that month he heard, but did not receive official notice, that the date had been changed to the 15th; he thereupon carried his cows to the dipping vats where they were dipped; he did not dip his mules then, the reason given by him therefor being that he had no opportunity then so to do.

The appellants had been duly commissioned by the state live stock sanitary board as range riders and dipping vat inspectors. On June 20, 1928, acting under the orders of their superior officers, they went on Roberts' premises and over his protest took possession of his mules and started away with them for the purpose of first dipping them and then placing them in the custody of the sheriff of the county as provided by section 9, chapter 265, Laws 1926, Hemingway's Code 1927, section 6365.

Roberts then procured a shotgun, by means of which he forced the appellants to deliver the mules back to him, and thereafter instituted this prosecution against them. The court below refused to direct a verdict for the appellants.

It is clear that section 1394, Code 1906, Hemingway's Code 1927, section 1196, was not here violated, although we leave out of view the claim of the appellants that they went upon Roberts' premises in the discharge of their official duty. The appellants did not go upon Roberts' premises after being notified not to do so, nor did they remain thereon after a request from him to depart.

Section 1389, Code 1906, Hemingway's Code 1927, section 1191, provides that: ''Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another . . . shall, upon conviction,'' etc. It will not be necessary for us to define the words ''wilful'' and ''malicious'' as here used, for it is clear that they here mean ''something more than a voluntary act, and also something more than an intentional act, which is, in fact, wrongful. They include the idea of an act intentionally done with a wrongful purpose.'' 38 Cyc. 1181. The appellants intended no wrong by what they did, but acted in good faith under what they supposed was their duty under the statute. They were guilty of a civil (D'Aquilla v. Anderson, 153 Miss. 549, 120 So. 434) but not of a criminal trespass. The appellants' re-

quest for a directed verdict should have been granted. The judgment of the court below will be reversed, and the appellants will be discharged.

Reversed, and appellants discharged.